IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

SHEET METAL WORKERS LOCAL 100
(BALTIMORE AREA) HEALTH AND                  *
WELFARE FUND, by its Trustee,
Edward Whalen                                *
4705 Erdman Avenue
Baltimore, Maryland 21205                    *

        Plaintiff                     *        Civil Action No.

v.                                           *

APPALACHIAN HEATING AND                      *
COOLING, LLC,
14320 Valley Road NE                         *
Cumberland, Maryland 21502
                                             *
Serve:  Kevin Wayne Wolfe, Resident Agent
        14320 Valley Road NE                 *
        Cumberland, Maryland 21502
                                             *
        Defendant.
*     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT

### Jurisdiction

1.    The jurisdiction of this Court is based upon section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e).

### Parties

2.    Plaintiff Sheet Metal Workers Local 100 (Baltimore Area) Health and Welfare Fund ("Health Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C.

§ 1003(a).  Edward Whalen, is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the Joint Board of Trustees of the Health Fund, which Joint Board of Trustees is the plan sponsor of the Health Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

3. Defendant Appalachian Heating and Cooling, LLC ("Appalachian") is a corporation organized and existing under the laws of the State of Maryland, which employs persons in the State of Maryland, in the sheet metal trade.  Defendant Appalachian is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7).  Further, Defendant Appalachian is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## Collective Bargaining Agreement

4. At all times relevant to this action, Appalachian was signatory and subject to a collective bargaining agreement with Sheet Metal, Air, Rail, and Transportation Local 100 (Cumberland Area) (SMART Local 100).

5. The collective bargaining agreement with SMART Local 100 provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of Appalachian covered by said agreement.  The SMART Local 100 collective bargaining agreement specifically provides for the payment by Appalachian to the Health Fund of specified sums for each hour worked by each of the employees of Appalachian covered by said agreement.  All payments are to be made by the 15th day of the month following the month in which the

hours were worked, and such contributions are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed to each Fund.

**Trust Agreements**

6. Section 502(g) of ERISA, 29 U.S.C. § 1132(g), requires the Court to award liquidated damages of up to twenty percent (20%) as provided under the terms of an agreement, in addition to the amount of unpaid contributions, interest, reasonable attorneys' fees and costs when judgment is entered in favor of an employee benefit plan for unpaid contributions. In the absence of a liquidated damages provision in an agreement, section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), authorizes an award equal to the amount of interest, which is in addition to all other amounts awarded. ERISA further provides that interest shall be determined by using the rate specified in the agreement, or if none is so specified, at the rate prescribed in section 6621 of the Internal Revenue Code.

7. The Agreement and Declaration of Trust creating and governing the Health Fund provides for the payment of liquidated damages in the amount of ten percent (10%) of the delinquent contributions in the event that the employer fails to file remittance reports.

8. The Agreement and Declaration of Trust for the Health Fund provides that the rate of interest shall be assessed at the rate of eighteen percent (18%) per annum, from the date the contributions are due until paid or until the date of judgment, whichever is sooner.

9. The Agreement and Declaration of Trust creating and governing the Health Fund provides that a contributing employer shall permit an audit of its payroll and business records, whenever requested by the Fund, at any reasonable time during the business hours of the employer.

10. The Agreement and Declaration of Trust establishing and governing the Health Fund states that in the event an employer fails to submit a remittance report showing the number of hours worked by employees during a month, the Fund is permitted to estimate the amount of the contributions due by calculating the average of the monthly contributions paid by the employer for the last three months, or the last twelve months, whichever is greater, for which such contributions were paid.

## First and Only Count
## Claim of Health Fund Against Appalachian

11. Plaintiff hereby incorporates each and every allegation set forth in paragraphs 1-10.

12. Appalachian has failed and refused to make required employee fringe benefit contributions due and owing to the Health Fund for hours worked by employees of Appalachian for February, March, April and May, 2019.

13. Based on the remittance reports filed by Appalachian, Appalachian owes to the Health Fund delinquent employee fringe benefit contributions in the amount of $5,116.68 for hours worked by employees of Appalachian for February, March, April and May, 2019.

14. Appalachian has not paid the employee fringe benefit contributions due and owing to the Health Fund for February, March, April and May, 2019, and owes interest in an amount to be determined on said contributions.

15. Based on the failure of Appalachian to pay employee fringe benefit contributions for the prior months, the Health Fund believes that Appalachian will continue to fail to pay employee fringe benefit contributions for future months.

WHEREFORE, Plaintiff Health Fund prays:

a.     That this Court order Appalachian to make all of its payroll and business records available to Plaintiff Health Fund's auditors to determine the exact amount owed for the months of February, March, April and May, 2019, and any periods subsequent to the filing of this complaint and prior to the entry of judgment;

b.     That judgment be entered against Appalachian in the amount of $5,116.68 for contributions due and owing for February, March, April and May, 2019, together with interest at the appropriate rate, from the date the delinquent contributions were due and owing until paid or until the date of judgment, whichever is sooner;

c.     That judgment be entered against Appalachian in the amount of all unpaid contributions that accrue subsequent to the filing date of this complaint and prior to entry of judgment, together with interest at the rate of eighteen percent (18%) per annum, from the date such contributions are due and owing until the date of judgment;

d.     That Plaintiff Health Fund be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e.     And, further, that such other relief be granted as this Court deems just and proper.

| | |
|---|---|
| July 18, 2019<br>Date | /s/ Corey Smith Bott<br>Corey Smith Bott<br>Bar No. 25673 |
| | /s/ Shauna Barnaskas<br>Shauna Barnaskas<br>Bar No. 16755<br>Abato, Rubenstein and Abato, P.A.<br>809 Gleneagles Court, Suite 320<br>Baltimore, Maryland 21286<br>(410) 321-0990 |
| | Attorneys for Plaintiff |